## In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

U.S. DISTRICT COU
FILED
2001 MAY -9 P 4:

JAMES H. SCHIEFER,              :          CIVIL ACTION

     Plaintiff,               :

        v.                   :

THE UNITED STATES OF AMERICA,  :
DEPARTMENT OF HOMELAND
SECURITY, FEDERAL LAW          :
ENFORCEMENT TRAINING CENTER,
MARIE BAUER, DAVID BEHREND,    :
BRUCE BOWEN, WALTER KORAN,
SHARON REICHERT, DANNY         :
ROBLES, and JOHN DOE and
JANE DOE (more particularly    :
described in paragraphs
7, 23, 24 and 35),             :

     Defendants.              :          NO. CV206-206


### FINDINGS OF FACT AND CONCLUSIONS OF LAW


Plaintiff, James E. Schiefer, filed this action against

Defendants, the United States of America, the Department of

Homeland Security, and the Federal Law Enforcement Training

Center, (collectively, "Government Employers"), and the named

individual defendants pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b) and the Privacy Act, 5 U.S.C.

552(a)(b). Plaintiff further asserts state law defamation and punitive damage claims against the individual named Defendants.

Presently before the Court is Plaintiff's objection to the United States Attorney's certification that the individual Defendants were acting within the scope of their employment at the time any alleged slanderous statements were made. For the following reasons, Plaintiff's objection will be **SUSTAINED IN PART and OVERRULED IN PART**.

## PROCEDURAL POSTURE

Plaintiff filed the instant action on September 26, 2006. In his complaint, Plaintiff alleges that false allegations were asserted against him, he was denied his promotion, and discharged in retaliation for having filed a FLSA lawsuit seeking overtime compensation. Plaintiff further alleges that Defendants in their official capacity violated the Privacy Act by releasing information from the investigative report. Finally, Plaintiff alleges that Defendants in their individual capacity defamed him in violation of state law.

Defendants have filed three motions to dismiss. On November 22, 2006, Defendants filed a motion to dismiss the FLSA claim on res judicata grounds, and the defamation and

2

punitive damages claims against the government and the individual Defendants in their official capacity as barred by the Federal Tort Claims Act ("FTCA"). Defendant further sought a more definite statement regarding the Privacy Act claim against the Department of Homeland Security.

On December 28, 2006, Defendants filed a second motion to dismiss. In the second motion, Defendants argued that the retaliation claims are barred by the Civil Service Reform Act because the claims were previously addressed in the Merit Systems Protection Board ("MSPB") hearing.

On January 23, 2007, the Government filed a notice to substitute the United States of America in place of the individual named Defendants. The basis for the substitution was the U.S. Attorney's certification that the individual Defendants were acting within the scope of their employment at the time of the incidents giving rise to those claims. Defendants contemporaneously filed a renewed motion to dismiss Plaintiff's defamation and punitive damages claims because the state law claims against the Government were barred by the FTCA.

Plaintiff filed a consent motion for an enlargement of time to respond to the renewed motion to dismiss. Plaintiff

AO 72A
(Rev. 8/82)

did not, however, seek an enlargement of time to respond to the motion for substitution. On February 20, 2007, the Court granted Defendants' unopposed substitution motion. On the same date, Plaintiff filed his opposition to Defendants' renewed motion to dismiss, therein challenging the U.S. Attorney's scope of employment certification. As a result, the Court granted Plaintiff's motion for reconsideration and request for an evidentiary hearing solely on the issue of the validity of the U.S. Attorney's scope of employment certification.

## FINDINGS OF FACT

On April 17, 2007, the Court conducted an evidentiary hearing on the issue of whether the U.S. Attorney's certification that Defendants, Marie Bauer, David Behrend, Bruce Bowen, Walter Koran, Sharon Reichert, and Danny Robles, were acting within the scope of their employment at the time the alleged defamation occurred was valid. Based on the evidence presented at the evidentiary hearing, as well as all documentation in the record, the Court makes the following Findings of Fact:

1. Plaintiff is currently employed as a firearms instructor at the GS-12 level at the Federal Law Enforcement

AO 72A
(Rev. 8/82)

Training Center ("FLETC"). (04/17/07 Hearing Transcript ("Hrg. Tr.") at 12-14.)

2. At all relevant times, Plaintiff's first line supervisor was Bob Burnett, the Branch Chief for the Operational Support Branch, and his second line supervisor was Walter Koran, Division Chief for the Firearms Division. (Hrg. Tr. at 15.) Plaintiff worked in the scheduling office with Clyde McCoy, Debra Roberts, and John Jacob. (Hrg. Tr. at 14.)

3. In February of 2005, Plaintiff applied for a promotion to the GS-13 level. (Hrg. Tr. at 12.)

4. As the recommending official for the selection process for the position for which Plaintiff applied, Koran received a package of the applications of the candidates who were deemed eligible for the position and distributed them to all six of the Firearms Division Branch Chiefs, including Branch Chief Fred Allen, who were to serve as a reviewing panel to aid in arriving at Koran's recommendations. (Hrg. Tr. at 68-69.)

5. Pursuant to discussions with the review panel and his own review of the applications, Koran recommended the selection of Plaintiff for the promotion. (See Hrg. Tr. at 68-69.)

6. Pursuant to standard procedure at FLETC, once Plaintiff was approved for the position, a background

5

investigation was performed by Defendant, Sharon Reichert, under the supervision of Defendant, David Behrend, the Branch Chief in the Special Investigations and Security Division ("SISD"). (Hrg. Tr. at 12-13, 69.)

7. On March 3, 2005, Reichert advised Plaintiff that she was having difficulty verifying the educational background listed on his application. (Hrg. Tr. at 22-23.)

8. On March 10, 2005, Koran received a notification from the Human Resources Division, addressed to Defendant, Bowen, as the approving officer, that SISD was unable to verify the education described by Plaintiff in his application for the promotion to GS-13. (Hrg. Tr. at 69; Defs.' Ex. 2.)

9. Koran advised Plaintiff's first line supervisor, Branch Chief Bob Burnett, who was a member of the reviewing panel, of the information he had received from the Human Resources Division. (Hrg. Tr. at 69-70.)

10. At a meeting with the Branch Chiefs to select a new recommendation for the unfilled GS-13 position, Koran told his Branch Chiefs that Plaintiff had not passed the background investigation because SISD had been unable to verify Plaintiff's education as described on his application. (Hrg Tr. at 71.)

6

11.  The GS-13 position, having been realigned to another area, was filled on March 21, 2005.  (Hrg. Tr. at 71.)

12.  Koran discussed with his Branch Chiefs, Defendant, Deputy Assistant Director Marie Bauer, Human Resources Division Personnel, including Defendant, Danny Robles, and FLETC's Office of Chief Counsel, possible discipline to be imposed upon Plaintiff for the alleged misrepresentation on his promotion application.  (Hrg. Tr. at 71-72, 78, 80.)

13.  Koran notified his Branch Chiefs on July 8, 2005, that he had delivered to Plaintiff a notice of proposed removal and placed Plaintiff on administrative leave pending resolution of the charges on the preceding day in the presence of Defendants, Koran, Behrend and Robles, and non-party Branch Chief Burnett. (Hrg. Tr. at 16, 72.)

14.  Effective September 23, 2005, Plaintiff was removed from his position at FLETC based on the allegation that he falsified his educational background on the promotion application.  (Hrg. Tr. at 18.)

15.  Plaintiff appealed his discharge through the MSPB. On appeal, Plaintiff alleged that the fraud charges were brought by FLETC in retaliation for Plaintiff having "spearheaded" the FLSA lawsuit. Plaintiff sought reinstatement

7

to his GS-12 position, backpay, and attorney's fees. (Defs.' Mot. to Dismiss, Ex. D at 2.)

16. In rendering its decision, the Administrative Law Judge determined that the investigator was not credible and ordered Plaintiff be granted the full requested relief. (Defs.' Mot. to Dismiss, Ex. A at 12.)

17. It was common knowledge at FLETC that Plaintiff was removed from his position on charges of falsifying his level of education on his application for promotion. (Hrg. Tr. at 31.)

18. Steve Didier, formerly employed at FLETC as a CounterTerrorism Instructor, testified that Defendant, Assistant Director Bruce Bowen, told him on two occasions while discussing unrelated FLETC business that Plaintiff had lied on his promotion application. Didier testified that Bowen first told him in April of 2005 that Plaintiff had lied on his application. (Hrg. Tr. at 29.) Didier testified that Bowen again brought up Plaintiff's name in late summer or early fall of 2005, telling Didier that Plaintiff was going to be or had been terminated because he falsified his application with regard to a college degree or college credits. (Hrg. Tr. at 30.)

AO 72A
(Rev. 8/82)

19. Defendants elicited testimony from Didier that his employment with FLETC was terminated on May 18, 2006, after he was similarly charged by FLETC with lying on his own application. Didier was subsequently indicted by a grand jury sitting for the Superior Court of Glynn County, Georgia, (Hrg. Tr. at 34-35, 40), based on charges against him that were referred to Glynn County authorities by FLETC (Hrg. Tr. at 95).

20. Defendant, Bowen, denied that he told Didier that Plaintiff lied on his promotion application. (Hrg. Tr. at 95.)

21. As to the disputed fact as to whether Defendant, Bruce Bowen, told Steve Didier that Plaintiff lied on his promotion application, and later that Plaintiff was going to be, or had been, terminated because he falsified his promotion application with regard to a college degree or credits, the Court finds Didier to be a more credible witness than Defendant, Bowen, and, therefore, finds that the alleged conversations did occur.

22. There is no evidence in the record showing that Defendants, Bauer, Behrend, Koran, Reichert, and Robles, made any statements regarding Plaintiff outside of the promotion, investigation, and disciplinary processes.

AO 72A
(Rev. 8/82)

## CONCLUSIONS OF LAW

1.    When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") authorizes the United States Attorney General, through the United States Attorney, to certify that the employee "was acting within the scope of his . . . employment at the time of the incident out of which the claim arose." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (quoting 28 U.S.C. § 2679(d)(1)).

2.    Although "this scope certification is not dispositive for purposes of substitution, it indicates that the United States is substituted as an automatic consequence of the Attorney General's certification." S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1543 (1990), amended, 924 F.2d 1555 (11th Cir.), cert. denied, 502 U.S. 813, 112 S.Ct. 62 (1991); Osborn v. Haley, 127 S.Ct. 881, 894, 166 L.Ed.2d 819 (2007)

> (Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive.).

10

AO 72A
(Rev. 8/82)

Thus, unless the plaintiff challenges the certification, "the court is entitled to treat the Attorney General's certification as prima facie evidence that the employee conduct at issue occurred within the scope of the employment." Id.

3.    The Attorney General's certification is "the first, but not the final word" on whether the federal officer is immune from suit and, as a result, whether the United States is properly substituted as a defendant. Osborn, 127 S.Ct. at 897, 166 L.Ed.2d 819 (citing Gutierrez de Martinez, 515 U.S. at 432, 115 S.Ct. 2227).    A plaintiff may request judicial review of the Attorney General's scope-of-employment determination. Id.

4.    Under the Westfall Act, Congress supplanted the jury in covered cases. Osborn, 127 S.Ct. at 900, 166 L.Ed.2d 819 (citing § 2679(d)(1)-(3)).    "Upon certification, the action is 'deemed to be . . . brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." Id. Thus, the district court must resolve any factual dispute. See id.

5.    Although the plaintiff bears the burden of establishing that the challenged conduct exceeded the scope of

11

employment, the district court's adjudication of the matter is de novo. S.J. & W. Ranch, Inc., 913 F.2d at 1543.

6. Whether an employee's actions are within the scope of his employment for purposes of the Act is an issue governed by the law of the state where the incident occurred, and is a question of law and fact which the court adjudicates de novo. Id. at 1542-43.

7. The determination of scope of employment by the district court must be based on the facts as determined by the district court, rather than upon the mere allegations of the complaint. Osborne, 127 S. Ct. at 898 ("Were it otherwise, a federal employee would be stripped of suit immunity not by what the court finds but by what the complaint alleges.")

8. The immunity afforded to federal employees by the Westfall Act applies on cases in which the federal employee is alleged to have defamed the plaintiff. See S.J. & W. Ranch, 913 F.2d 1538.

9. Under Georgia law, the law applicable in the instant action, "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." O.C.G.A. § 51-2-2.

12

An employer is liable for negligent or intentional torts committed by an employee only if the torts were committed in furtherance of, and within the scope of, the employer's business. Piedmont Hosp., Inc. v. Palladino, 276 Ga. 612, 613, 580 S.E.2d 215, 217 (2003).

10. On the other hand, an employer cannot be held liable on the basis of respondeat superior if the employee's acts (1) were committed for purely personal reasons associated solely with the employee's own gratification, and (2) were entirely disconnected from the scope of the employee's employment. Piedmont Hosp., 276 Ga. At 613-14, 580 S.E.2d at 217.

11. "(T)he allegation that the reports were generally circulated in the county (were not) sufficient to charge the defendant with publishing them." White v. Cudahy Co., Inc., 130 Ga.App. 64, 66, 202 S.E.2d 233, 235 (1973) (quoting Beck v. Oden, 64 Ga.App. 407, 412, 13 S.E.2d 468, 471 (1941)).

12. The sole issue before the Court is whether the U.S. Attorney's certification that Defendants, Marie Bauer, David Behrend, Bruce Bowen, Walter Koran, Sharon Reichert, and Danny Robles, were acting within the scope of their employment at the time the alleged defamation occurred was correct.

AO 72A
(Rev. 8/82)

13. The Court concludes that Defendant, Bruce Bowen, was not acting in the scope of his office or employment at the time he made statements to Didier that Plaintiff had lied on his promotion application.

14. The Court concludes that Plaintiff has offered no evidence that Defendants, Walter Koran, Marie Bauer, Danny Robles, David Behrend, and Sharon Reichert, were acting outside the scope of their employment with regard to any statements they made about Plaintiff.

AO 72A
(Rev. 8/82)

# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

JAMES H. SCHIEFER,                      :           CIVIL ACTION

      Plaintiff,                   :

         v.                        :

THE UNITED STATES OF AMERICA, :
DEPARTMENT OF HOMELAND
SECURITY, FEDERAL LAW                   :
ENFORCEMENT TRAINING CENTER,
MARIE BAUER, DAVID BEHREND,   :
BRUCE BOWEN, WALTER KORAN,
SHARON REICHERT, DANNY                  :
ROBLES, and JOHN DOE and
JANE DOE (more particularly  :
described in paragraphs
7, 23, 24 and 35),                      :

      Defendants.                  :           NO. CV206-206

## O R D E R

Pursuant to the Court's Findings of Fact and Conclusions

of Law filed contemporaneously herewith, Plaintiff's objection

to the United States Attorney's certification that the

individual named Defendants were acting within the scope of

AO 72A
(Rev. 8/82)

their employment at the time of the alleged incident (Doc. No. 44) is **SUSTAINED IN PART and OVERRULED IN PART**.

Plaintiff's objection to the United States Attorney's certification that Defendant, Bowen, was acting within the scope of his employment at the time of the alleged incident is **SUSTAINED**.

Plaintiff'S objection to the United States Attorney's certification that Defendants, Bauer, Behrend, Koran, Reichert and Robles, were acting within the scope of their employment is **OVERRULED**.

Accordingly, the portion of the Court's February 20, 2007, Order substituting the United States as Defendant for Marie Bauer, David Behrend, Walter Koran, Sharon Reichert, and Danny Robles with regard to Plaintiff's state law defamation and punitive damage claims and dismissing Plaintiff's state law claims against these Defendants remains in effect. The portion of the Court's February 20, 2007, Order substituting the United States as Defendant for Bruce Bowen with regard to Plaintiff's state law defamation and punitive damage claim is **VACATED**.

**SO ORDERED**, this _____9th_____ day of May, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA