**In the United States District Court**

**for the Southern District of Georgia**

**Brunswick Division**

FILED
U.S. DISTRICT COURT

2007 JUL 19 P 3: 07

JAMES H. SCHIEFER,                    :          CIVIL ACTION

     Plaintiff,                         :

        v.                              :

THE UNITED STATES OF                  :
AMERICA, DEPARTMENT OF
HOMELAND SECURITY, FEDERAL            :
LAW ENFORCEMENT TRAINING
CENTER, MARIE BAUER, DAVID            :
BEHREND, BRUCE BOWEN, WALTER
KORAN, SHARON REICHERT,               :
DANNY ROBLES, and JOHN DOE
and JANE DOE (more                    :
particularly described in
paragraphs 7, 23, 24 and 35), :

     Defendants.                        :          NO. CV206-206


## O R D E R

    Plaintiff, James E. Schiefer, filed this action against

Defendants, the United States of America, the Department of

Homeland Security, and the Federal Law Enforcement Training

Center (collectively, "Government Employers") for alleged

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 216(b), and the Privacy Act, 5 U.S.C. 552a.   Plaintiff

further alleges state law defamation and punitive damage claims against the individual named defendants. Defendants have several motions presently before the Court. Defendants have filed first, second, and renewed motions to dismiss, a motion for a more definite statement, and a motion to partially reconsider the Court's May 9, 2007, Order. Additionally, Defendant, Bowen, has filed a motion to dismiss. For the following reasons, Defendants' first motion to dismiss will be **GRANTED IN PART and DENIED IN PART**, and Defendants' remaining motions will be **DENIED**.

**PROCEDURAL POSTURE**[1]

Plaintiff filed the instant action on September 26, 2006, alleging that the Government Employers retaliated against him for his participation in a 2005 FLSA lawsuit in violation of 29 U.S.C. § 215(a)(3), and disclosed information contained in Plaintiff's employment records in violation of the Privacy Act, 5 U.S.C. § 552a(b). Plaintiff further alleged that Defendants, Marie Bauer, David Behrend, Bruce Bowen, Walter Koran, Sharon Reichert, Danny Robles, and other unnamed individuals, defamed

---

[1]
        A full recitation of the facts can be found in the Court's Findings of Fact and Conclusions of Law entered on May 9, 2007. (Doc. No. 55.)

AO 72A
(Rev. 8/82)

Plaintiff in violation of state law, thereby entitling him to punitive damages.

Defendants have filed three motions to dismiss and a motion for a more definite statement. Defendants argue that Plaintiff's FLSA claim is barred by res judicata and the Civil Service Reform Act ("CSRA"). Defendants further argue that Plaintiff's state law defamation and punitive damage claims against the Government Employers and the individual Defendants in their official capacity are barred by the Federal Tort Claims Act ("FTCA"). Finally, Defendants argue that the Department of Homeland Security is the only proper defendant in Plaintiff's Privacy Act claim and request a more definite statement regarding that claim.

On January 23, 2007, Defendants filed a notice of substitution, apprising the Court that the United States Attorney for the Southern District of Georgia had certified that the individual defendants were acting within the scope of their office or employment at the time the alleged incidents of defamation occurred. Based on this certification, the United States was substituted as Defendant in place of Defendants, Bauer, Behrend, Bowen, Koran, Reichert, and Robles.

Plaintiff filed objections to the United States Attorney's certification. The Court held an evidentiary hearing on April

3

17, 2007, limited to the issue of the validity of the United States Attorney's scope of employment certification. Based on the Court's Findings of Fact and Conclusions of Law, Defendant, Bowen, was reinstated as Defendant with regard to Plaintiff's state law defamation and punitive damages claims. However, the portion of the Court's February 20, 2007, Order substituting the United States as Defendant for Bauer, Behrend, Bowen, Koran, Reichert, and Robles remains in effect.

Thus, the issues presently before the Court for resolution are: (1) whether reconsideration of the Court's May 9, 2007, Order is warranted; (2) whether Plaintiff's state law defamation and punitive damage claims against the United States are barred; (3) whether Plaintiff's FLSA claim is barred by res judicata and the CSRA; (4) whether Plaintiff has failed to state a defamation claim against Defendant, Bowen; and (5) whether Defendants are entitled to a more definite statement with regard to Plaintiff's Privacy Act claim.

## DISCUSSION

## I. Reconsideration of the Court's May 9, 2007, Order

The courts have recognized three grounds justifying reconsideration pursuant to Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new

4

evidence; or (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also United States v. Battle, 272 F. Supp.2d 1354, 1357 (N.D. Ga. 2003); Aird v. United States, 339 F. Supp.2d 1305, 1312 (S.D. Ala. 2004) (quoting Pac. Life Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The decision whether to grant a Rule 59(e) motion is "committed to the sound discretion of the district judge." Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985)). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. United States v. Bailey, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003) (quoting Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999)). Defendants' counsel has not alleged either a change in the law or that new evidence is available. Thus, the only basis under which relief can be sought is where there is a need to correct clear error or manifest injustice. The Court does not find that clear error or manifest injustice has been demonstrated in this case.

AO 72A
(Rev. 8/82)

## A. Factual Inaccuracy

Defendants argue that the Court's finding that "Didier testified that Bowen first told him in April of 2005 that Plaintiff had lied on his promotion application," is factually inaccurate. (See 5/9/07 Findings of Fact ¶ 18.) Defendants contend that as a result of this factual inaccuracy, the only finding by the Court that is supported by any evidence in the record is the finding that a different, lone conversation occurred on this issue.

With regard to the time period when the first conversation between Didier and Bowen occurred, Defendants correctly point out that it was not in April of 2005 as stated in the Court's Findings of Fact. However, were Defendants to have reviewed the transcript beyond the section quoted in their brief, it would have been clear that Didier did, in fact, testify that Bowen told him on two occasions that Plaintiff had lied on his promotional application:

> Q    Did he say anything about Mr. Schiefer's employment application?
>
> A    At that time I do not believe so.
>
> Q    Did there come a time when he did so?
>
> A    Yes, he did.
>
> Q    When is that?

AO 72A
(Rev. 8/82)

A   It was after that, sometime later summer, and I remember there was a reference of that he had lied on his application.

Q   Mr. Schiefer had lied on his application?

A   Yes.

Q   Was anyone else present when that remark was made?

A   There may have been.  I was in and out of Mr. Bowen's office so much and he was in and out of our office so much that I'm sure there was.

Q   Did you have any business reason, any job-related reason, to know that Jim Schiefer had lied on his employment application?

A   No.

Q   Now did there come another time when Mr. Schiefer was referred to by Mr. Bowen again with respect to his employment application?

A   Yes.

Q   Approximately when was that?

A   That would have had to have been late summer, early fall.

Q   What did he say on that occasion?

A   Again it was brought up in terms of the FLSA lawsuit and I remember his name coming up as far as he had falsified his application again, had to do with college degrees or college credits and that he was going to be terminated or that he had been terminated.  I do not know quite how that went.

Q   And you say that was late summer, early fall?  I missed the timeframe.

A   Late summer, early fall, somewhere in there.

AO 72A
(Rev. 8/82)

(Hr. Tr. 29-30.) Thus, the Court's inaccurate finding that "Didier testified that Bowen first told him in April of 2005 that Plaintiff lied on his application," while unfortunate, does not materially alter the Court's findings or warrant reconsideration of the Court's Order.

## B. Legal Dispute

Defendants further argue that the Court's conclusion that Defendant, Bowen, acted outside the scope of his employment does not follow from a finding that a single conversation between Bowen and Didier did occur. Specifically, Defendants argue that there was no testimony demonstrating that Defendant, Bowen, made the statement "for purely personal reasons associated solely with the employee's own gratification," and no evidence that the statement was "entirely disconnected from the scope of the employer's employment." (See 5/9/07 Conclusion of Law ¶ 10.)

Plaintiff elicited testimony from Didier indicating that the conversations between Bowen and Didier were unrelated to any business or job-related reason. As to the first conversation between Bowen and Didier in the summer of 2005, Didier provided the following testimony:

AO 72A
(Rev. 8/82)

Q    Did you have any business reason, any job-related reason, to know that Jim Schiefer had lied on his employment application?

A    No.

(Hrg. Tr. 29.)    Similarly, with regard to the second conversation, which occurred in late summer or early fall of 2005, Didier provided the following testimony:

Q    Did you have any reason to know that Mr. Schiefer had been fired?

A    Did I have any reason to know?

Q    Did you have any business related or job duty-related reason to know Mr. Schiefer had been fired?

A    No.

Q    Did you have any business-related or job-related duties where you would have a need to know why Mr. Schiefer was fired?

A    No.

Q    Did you need to know for any reason that he had been fired or was about to be fired for lying on his promotional application?

A    No.

(Hrg. Tr. 30-31.) Accordingly, Defendants' assertion that "the record contains no *evidence* that the conversation, if it occurred, did in fact exceed the scope of Mr. Bowen's duties" is without merit.    (See Def.'s Br. in Supp. of Mot. for Recons.) (Emphasis in original.)    The Court's conclusion that Bowen was acting outside the scope of his employment is

9

supported by the Court's Findings of Fact and consistent with the Court's Conclusions of Law. Accordingly, Defendants have failed to demonstrate the need to correct clear error or prevent manifest injustice that would warrant reconsideration of the Court's May 9, 2007, Order.

## II. Motions for Dismiss

### A. Standard of Review

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiffs. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145, 1149 (11th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

AO 72A
(Rev. 8/82)

To survive a motion to dismiss for failure to state claim, however, a plaintiff need not set forth all facts upon which his claim is based. Rather, a short and plain statement of the claim is sufficient if it gives a defendant fair notice of what the claim is and the grounds upon which it rests. <u>Harris v. Procter & Gamble Cellulose Co.</u>, 73 F.3d 321, 324 (11th Cir. 1996) (citing <u>Mann v. Adams Realty Co., Inc.</u>, 556 F.2d 288, 293 (5th Cir. 1977)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. <u>See</u> <u>Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536, 1539 (11th Cir.), <u>cert.</u> <u>denied</u>, U.S. 810, 112 S. Ct. 55, 116 L.Ed.2d 32 (1991).

The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion. <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1260 n. 2 (11th Cir. 2006); <u>Ware v. Assoc. Milk Producers, Inc.</u>, 614 F.2d 413, 415 (5th Cir. 1980)[2]. However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment. <u>Bost v. Fed. Express Corp.</u>, 372 F.3d 1233, 1237 (11th Cir.),

---

[2]

In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

AO 72A
(Rev. 8/82)

cert. denied, 543 U.S. 1020, 125 S.Ct. 656, 160 L.Ed.2d 496 (2004); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

After due consideration, the Court declines to exercise its discretion to convert Defendants' motions to dismiss into motions for summary judgment. Accordingly, in considering Defendants' motions to dismiss, the "[C]ourt limits its consideration to the pleadings and exhibits attached thereto." See Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n. 12 (11th Cir. 2005) (quoting Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)).

### B. State Law Claims Against the United States

The United States was substituted as Defendant for Defendants, Bauer, Behrend, Koran, Reichert, and Robles, with regard to Plaintiff's state law defamation and punitive damage claims. (See Doc. No. 42.) "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n, 453 F.3d 1309, 1315 (11th Cir.), reh'g & reh'g en banc denied, 213 Fed. Appx. 972 (2006) (quoting United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77

AO 72A
(Rev. 8/82)

L.Ed.2d 580 (1983))[3].  The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for the torts of federal employees by granting the federal district courts jurisdiction over suits for damages

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Statutory exceptions to the federal government's consent to be sued under the FTCA must be strictly construed in favor of the United States, and if the alleged conduct falls within one of these statutory exceptions, the court lacks subject matter jurisdiction over the action.  JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1263 (11th Cir. 2000) (citations omitted).  The FTCA includes a specific exception from liability for claims "arising out of . . . libel [or] slander[.]" 28 U.S.C. § 2680(h); O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001) (Tort claims arising out of federal agents' alleged release to media of defamatory statements came within FTCA exception to

---

[3]
    The United States' immunity from suit extends to its agencies.  FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")

AO 72A
(Rev. 8/82)

government's waiver of sovereign immunity for claims arising out of libel and slander.). The FTCA further provides that the United States shall not be liable for punitive damages. 28 U.S.C. § 2674; Smith v. Russellville Prod. Credit Ass'n, 777 F.2d 1544, 1549 (11th Cir. 1985). Thus, the Court lacks jurisdiction over Plaintiff's defamation and punitive damage claims against the United States.

### C. FLSA Claim

#### 1. Res Judicata

Res judicata or, more properly, claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy. In re Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir.), cert. denied, 127 S.Ct. 836, 166 L.Ed.2d 676 (2006). A party seeking to invoke the doctrine of res judicata must establish the following four elements: (1) a prior valid judgment rendered by a court of competent jurisdiction; (2) which is in nature of final judgment on the merits; (3) that both cases involve same parties or their privies; and (4) that both cases involve the same causes of action. In re Omine, 485 F.3d 1305, 1311-12 (11th Cir. 2007) (quoting In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th

14

Cir. 2001)). A party may raise a res judicata defense by a motion to dismiss when the defense's existence can be judged on the face of the complaint. <u>Jones v. Gann</u>, 703 F.2d 513, 515 (11th Cir. 1983); <u>see</u> <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001) (A complaint may only be dismissed "when its allegations — on their face — show that an affirmative defense bars recovery on the claim.").

Defendants argue that Plaintiff's retaliation claim was previously considered in the Merit Systems Protection Board ("MSPB") proceedings and, therefore, the claim is barred by res judicata. Plaintiff appealed the Government Employers' decision to remove him from service for alleged falsification on his promotion application, and the MSPB rendered a decision in Plaintiff's favor. In the instant case, Plaintiff alleges that Defendants retaliated against him for participation in the FLSA overtime compensation lawsuit by removing him from service and failing to promote him to the GS-13 position. It cannot be said from the face of the complaint that the defense of res judicata can be applied to bar Plaintiff's FLSA retaliation claim.

AO 72A
(Rev. 8/82)

## 2. Civil Service Reform Act

Defendants further argue that the Court is barred from considering Plaintiff's FLSA retaliation claim because 5 U.S.C. § 7121(a)[4], a provision of the CSRA, makes the grievance procedures of collective bargaining agreements ("CBA") the exclusive remedy for prohibited personnel practices falling within the CSRA's coverage. Therefore, under the plain language of the exclusivity provision, federal jurisdiction over Plaintiff's FLSA claim depends upon the CBA. Further, prior to 1994, under the CSRA, courts did not have jurisdiction to hear any claim of a federal employee if the claim fell within the coverage of the employee's CBA. See Carter v. Gibbs, 909 F.2d 1452, 1454 (Fed. Cir. 1990) (en banc). The Eleventh Circuit Court of Appeals, however, has expressly held that the 1994 amendment of 5 U.S.C. § 7121(a)(1) "established a federal employee's right to seek a judicial remedy for

---

[4]

5 U.S.C. § 7121(a) provides:

(1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.

(2) Any collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement.

AO 72A
(Rev. 8/82)

employment grievances subject to the negotiated grievance procedures contained in his or her collective bargaining agreement." ASEDAC, supra, 329 F.3d at 1241 (adopting the holding in Mudge v. United States, 308 F.3d 1220, 1227 (Fed. Cir. 2002)). Thus, it is not clear from the record presently before the Court that Plaintiff's retaliation claim is barred by the CSRA based on the exclusivity provision.

### D. Motion to Dismiss of Defendant, Bowen

To prevail on a defamation claim under Georgia law, a plaintiff must prove: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the "actionability of the statement irrespective of special harm." Mathis v. Cannon, 276 Ga. 16, 20-21, 573 S.E.2d 376, 380 (2002). Defendant, Bowen, argues that Plaintiff has failed to allege a prima facie claim of defamation because Bowen's statement to Didier that Plaintiff was terminated for lying on his promotion application was true. That is, Plaintiff was discharged from federal service on a charge that he falsified his promotion application. The Georgia Court of Appeals, however, has rejected this argument.

17

In <u>Hayes Microcomputer Prods., Inc. v. Franza, et al.</u>, 268 Ga. App. 340, 601 S.E.2d 824 (2004), the Georgia Court of Appeals addressed the issue of whether a truthful statement regarding an employee's termination can form the basis of a claim for defamation. In <u>Hayes</u>, the plaintiff sent an e-mail truthfully stating that "[e]ffective immediately, Gary Franza and John Stuckey have been terminated for cause. (This is for internal information only; externally we should only say they no longer work here.)" to all employees worldwide who had an e-mail address on the company's system. <u>Hayes</u>, 268 Ga. App. at 343, 601 S.E.2d at 827. In addition to United States employees over whom Franza and Stuckey had authority, employees in Australia and Hong Kong, unconnected to Franza and Stuckey, received the e-mail. <u>Id.</u> The plaintiff filed a claim for declaratory judgment and breach of fiduciary duties against three of the defendants. On the same date suit was filed, the plaintiff contacted a reporter, advising the reporter that defendants had been fired "for cause" and that they had committed a "breach of fiduciary duty outside the courtroom." <u>Id.</u> The plaintiff sent a second e-mail to all employees on the e-mail system advising that defendants had been "terminated for cause" and that plaintiff had sued defendants "for breach of fiduciary to the company." The defendants filed couterclaims

18

against the plaintiff for libel, punitive damages, and attorney's fees. The trial court denied plaintiff's motion for judgment notwithstanding the verdict and motion for new trial following entry of judgment on the jury's verdict in the defendants' favor and the plaintiff appealed.

The appellate court found the additional information supplied by the company — allegations that the plaintiffs breached their fiduciary duties to the company — "indicat[ed] much more than the fact of termination." Id., 268 Ga. App. at 344, 601 S.E.2d at 828. As stated by the appellate court,

> [a] publisher of matter is responsible, not only for the actual words published, but for the innuendo that may arise from such words. Words apparently innocent may convey a libelous charge when considered on connection with the innuendo and circumstances surrounding the publication.

Id., 268 Ga. App. at 345, 601 S.E.2d at 828 (quoting Montgomery v. Pac. & S. Co., Inc., 131 Ga. App. 712, 715, 206 S.E.2d 631, aff'd, 233 Ga. 175, 210 S.E.2d 714 (1974), overruled on other grounds, Diamond v. Am. Family Corp., 186 Ga. App. 681, 368 S.E.2d 350 (1988)).

The Court finds Bowen's attempts to distinguish the appellate court's decision in Hayes from the facts of the instant case to be without merit. Accepting all facts contained in the complaint as true, the Court concludes that

AO 72A
(Rev. 8/82)

Plaintiff has stated a defamation claim against Defendant, Bowen, upon which relief could be granted.

### III.     Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for a more definite statement are not substitutes for discovery. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). Therefore, "a motion for a more definite statement will be granted only if 'the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself.'" BB In Tech. Co., Ltd. v. JAF, LLC, --- F.R.D. ----, 2007 WL 1203008, *8 (S.D. Fla. March 30,2007) (quoting Hobbs v. BH Cars, Inc., Case No. 04 60327-CIV, 2004 WL 1242838, *2 (S.D. Fla. June 4, 2004)). Further, federal courts generally disfavor such motions. Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996). Consequently, Rule 12(e) has been implemented to remedy

AO 72A
(Rev. 8/82)

unintelligibility in a pleading, not merely a claimed lack of detail. Id.

This is not a case in which the complaint is unintelligible. Plaintiff alleges that the individually named defendants "willfully, intentionally, and improperly disclosed to FLETC employees information contained in Plaintiff's SISD investigative file." (Am. Compl. ¶ 23.) In Count 2 of his First Amended Complaint, Plaintiff alleges that the Government Employers violated 5 U.S.C. § 552a(b) "by intentionally and willfully disclosing information contained in Plaintiff's records as defined in the Privacy Act[.]" (Am. Compl. ¶ 32.) The Court concludes that the Plaintiff's claim is sufficiently alleged for Defendants to respond.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Defendants' motion for reconsideration of the Court's May 9, 2007, Order (Doc. No. 58) is **DENIED**. Defendants' first motion to dismiss and motion for a more definite statement (Doc. No. 18) is **GRANTED IN PART and DENIED IN PART**. Defendants' motion to dismiss the United States as Defendant with regard to Plaintiff's defamation and punitive damage claims is **GRANTED**.

AO 72A
(Rev. 8/82)

Defendants' remaining motions (Doc. No. 25 & Doc. 36) are **DENIED**.

**SO ORDERED**, this _19th_ day of July, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)